**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-40848
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO CASTANEDA-ARAGUS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(M-97-CR-272-1)

July 2, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Francisco Castaneda-Aragus ("Castaneda") appeals his conviction and sentence for kidnapping Hector Salinas, in violation of 18 U.S.C. § 1201.

First, Castaneda argues that the district court erred in denying his motion to suppress his confession. According to Castaneda, his confession resulted from an illegal arrest and was coerced by law enforcement personnel. Even if Castaneda had been taken into custody with the meaning of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), however, Castaneda has failed to show that the district court clearly erred in finding that law enforcement personnel had read Castaneda his *Miranda* rights and that Castaneda had voluntarily waived them. *See United States v. Chavez-Villarreal*, 3 F.3d 124, 126 (5th Cir. 1993) (noting that we review the district court's

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual findings following a suppression hearing for clear error); *United States v. Pofahl*, 990 F.2d 1456, 1487 (5th Cir. 1993) (stating that *Miranda* warnings must be given prior to custodial interrogation). Castaneda's assertion that he did not understand his rights because he does not speak English or read Spanish lacks merit. The record demonstrates that Castaneda's rights were read to him in Spanish, and that Castaneda indicated that he understood his rights.

Castaneda has likewise failed to demonstrate that the district court clearly erred in finding that his statement was not coerced. *See United States v. Paden*, 908 F.2d 1229, 1235 (5th Cir. 1990) (stating that encouraging a defendant to tell the truth and informing him about the sentence he might receive is not coercion). Moreover, even if we assume that the law enforcement officials engaged in coercive tactics, Castaneda has not demonstrated that he would not have made the confession but for the coercion. *See Muniz v. Johnson*, 132 F.3d 214, 219 (5th Cir. 1998).

Second, Castaneda argues that a potential juror's response to a question posed by the district court during voire dire deprived him of his right to receive a fair trial. Specifically, he argues that the district court erred in refusing to allow his counsel to cure the taint of the potential juror's response by informing the jury pool that Castaneda's counsel was court appointed. Castaneda did not preserve this issue for appeal with a proper objection in the district court, and therefore, we review only for plain error. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (noting that arguments raised for the first time on appeal are reviewed for plain error). Castaneda has not shown that the statements made by the potential juror rendered the trial fundamentally unfair, and he has not otherwise shown any prejudice resulting from those statements. *Cf. United States v. Webster*, 750 F.2d 307, 336-39 (5th Cir. 1984) (noting that the manner of handling jury misconduct is traditionally left to the sound discretion of the trial judge, and that a presumption of prejudice is generally reserved for jury panels tainted by outside influence). Thus, Castaneda has not demonstrated that the district court plainly erred.

Third, Castaneda contends that the district court abused its discretion when it allowed two eyewitnesses to identify him at trial. We note that Castaneda does not renew his argument, raised

in the district court, that the pre-trial photo lineups rendered the in-court identification unreliable. Rather, Castaneda argues, for the first time on appeal, that the courtroom identification alone was unduly suggestive. Castaneda's argument, however, does not demonstrate that the district court plainly erred. *See Calverly*, 37 F.3d at 162-64.

Fourth, Castaneda challenges the sufficiency of the evidence supporting his conviction. He argues that the Government failed to prove that he knowingly participated in the kidnapping. Our review of the record, however, shows that sufficient evidence existed to allow the jury to find beyond a reasonable doubt that Castaneda participated willfully in the kidnapping. *See United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982) (en banc) ("It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt.").

Finally, Castaneda contends that the district court erred in sentencing him. According to Castaneda, because there was no evidence that he participated in Salinas' murder, the district court erred in det ermining Castaneda's offense level to be 43, pursuant to § 2A4.1(c) of the sentencing guidelines. The relevant guideline, however, does not require such proof in order to apply. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 2A1.1 & 2A4.1(c) (1997). Moreover, Castaneda could not have received less than a life sentence. *See* 18 U.S.C. § 1201(a) (providing for a mandatory minimum of life in prison when the "death of any person results" from the kidnapping).

Castaneda's appeal is without arguable merit. Accordingly, it is dismissed. *See* 5th Cir. R. 42.2.

APPEAL DISMISSED.